**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON J. HAPNER; NATIVE ECOSYSTEMS COUNCIL; ALLIANCE FOR THE WILD ROCKIES, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TOM TIDWELL, Regional Forester of Region One of the United States Forest Service; UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture, <br><br> Defendants - Appellees, <br><br> JANET G. HARTMAN; RONALD E. HARTMAN, <br><br> Intervenor-Defendants - Appellees. | No. 11-35791 <br><br> D.C. No. 9:08-cv-00092-DWM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding
Submitted January 3, 2012 [**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LASNIK, District Judge.[***]

Plaintiffs Sharon J. Hapner, Alliance for the Wild Rockies, and Native Ecosystems Council ("Plaintiffs") challenge the U.S. Forest Service's Smith Creek Vegetation Treatment Project ("the Project") under the National Forest Management Act ("NFMA") and National Environmental Policy Act ("NEPA"). In a prior opinion, we affirmed the district court's grant of summary judgment in the Service's favor "in almost all respects." *Hapner v. Tidwell*, 621 F.3d 1239, 1251 (9th Cir. 2010). Plaintiffs' "single meritorious argument" was that the Service violated NFMA by failing to ensure that the Project complied with an elk-cover requirement contained in the Gallatin National Forest Plan ("the Plan"). *Id.* at 1250-51. We remanded for the Service to remedy this error. *Id.* at 1251.

On remand, the Service field tested and revised its methodology for calculating elk cover and determined that the Project complied with the Plan's requirements. The district court held that the Service's new elk cover analysis complied with the Plan and granted the Service's motion to dissolve the injunction against the Project. We affirm.

---

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

We review the validity of a district court's order dissolving an injunction for an abuse of discretion. *N. Alaska Envtl. Ctr. v. Lujan*, 961 F.2d 886, 889 (9th Cir. 1992). We review the Service's compliance with NFMA and NEPA under the arbitrary and capricious standard of the Administrative Procedure Act ("APA"). *Hapner*, 621 F.3d at 1244 (citing 5 U.S.C. § 706(2)(A)).

In our prior opinion, we did not determine, as a factual matter, that the logging project would reduce elk hiding cover to an amount below what the Plan allowed. We simply concluded that the Service had not calculated elk cover according to the definition in the Plan. As a result, the district court correctly held that the Service, on remand, was free to recalculate elk cover without changing the Project so long as its methodology complied with the Plan.

We agree with the district court that the Service's revised elk cover analysis complied with the Plan. On remand, the Service conducted extensive field sampling and concluded that tree stands with 40% or greater canopy cover generated a result consistent with the Plan's definition of hiding cover. The Service also considered other methods of calculating hiding cover and gave a reasoned explanation why it preferred the canopy cover method. The Service's explanation did not "run[] counter to the evidence," nor was it "so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

3

*Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (internal quotation marks omitted).

Similarly, the Service's revised baseline for calculating how much elk cover the Project would maintain is a reasonable interpretation of the relevant Plan provision. The Plan requires that the Service maintain "at least two thirds of the hiding cover *associated with key habitat components* over time." (Emphasis added). This phrase supports the Service's view that the proper baseline does not include areas that are naturally open and entirely lack the capability to provide hiding cover now or in the future. Moreover, the revised baseline avoids the major problem we identified with the Service's previous interpretation because it no longer "allow[s] iterative Service actions to whittle elk cover down to nearly nothing." *Hapner*, 621 F.3d at 1251.

Finally, we agree with the district court that Plaintiffs could not raise new NEPA claims on remand because we remanded for the limited purpose of allowing the Service to remedy its elk cover analysis.

We lift the stay pending resolution of the appeal that we granted on November 30, 2011.

AFFIRMED.